**Darrell BENEDICT, Plaintiff,**

v.

**TOWN OF NEWBURGH, Town of Newburgh Town Board, George Bucci, Jr., Supervisor, Town of Newburgh, Nancy W. LaColla, Robert Petrillo, and Salvatore DeCrosta, sued in their individual capacities, Defendants.**

No. 00 Civ. 0377(CLB).

United States District Court, S.D. New York.

Dec. 29, 2000.

Michael Sussman, Law Offices of Michael H. Sussman, Goshen, NY, for plaintiff.

Thomas J. Kavaler, Cahill Gordon & Reindel, New York City, for defendants.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

By motion filed November 8, 2000, heard and fully submitted December 15, 2000, Defendants in this § 1983 civil rights action move for summary judgment dismissing the Complaint in its entirety. In the alternative, Defendants move for summary judgment as to Defendants George P. Bucci, Jr., Nancy Wassi LaColla, Robert Petrillo and Salvatore DeCrosta (since deceased), sued individually, on the ground that they enjoy qualified immunity from Plaintiff's claim. Plaintiffs filed Opposition on December 1, 2000. Defendants filed a Reply on December 12, 2000.

### Procedural History

On January 19, 2000, Plaintiff filed his Complaint seeking to recover damages for lost income, emotional distress, punitive damages and reinstatement to his position as Superintendent of Highways of the Town of Newburgh, from which he claims he was removed wrongfully, in violation of his Constitutional rights, as well as in violation of state law.

On February 29, 2000, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, or, alternatively, to dismiss the Complaint against the individual Defendants, on the ground of qualified immunity. On April 11, 2000, this Court filed a Memorandum and Order denying Defendants' motion to dismiss, with leave to apply for an interlocutory appeal, which Defendants declined to do. Familiarity of the reader with that decision, *Benedict v. Town of Newburgh*, 95 F.Supp.2d, 136 (S.D.N.Y.2000) is assumed.

### Parties

Plaintiff Mr. Benedict is a former town official (Superintendent of Highways) of the Town of Newburgh, and is a current resident of the Town.

Defendant Town of Newburgh ("the Town") is a municipality of the State of New York and is governed by Defendant Town Board. Defendant George Bucci, Jr., sued individually, is the elected Supervisor of the Town and as such a member and the presiding officer of the Town Board. Defendants Nancy Wassi LaColla, Robert Petrillo and Salvatore DeCrosta, since deceased,[1] sued individually, are Town Councilmen and members of the Town Board. The fourth Town Councilman, Robert A. Kunkel, who did not join in the conduct complained of, was not sued.

### Factual Background

For purposes of this motion, the following facts are assumed to be true. For more than twenty-two years Plaintiff Benedict worked for the Highway Department of the Town of Newburgh. Between 1992 and December 31, 1999, Mr. Benedict was appointed four times by the Town Board for two year terms to serve as the Superintendent of Highways, a town office. His last appointed term would have expired December 31, 1999.

In June, 1999, Mr. Benedict was subpoenaed to testify as a non-party witness in a civil rights lawsuit in this Court initiated by Gerald Williams, one of Mr. Benedict's subordinates at the Highway Department. *Williams v. Town of Newburgh*, 97 Civ. 4893(CLB)(GAY). In that lawsuit, Mr.

---

1. Mr. Salvatore DeCrosta died on Saturday, December 9, 2000. Presently Plaintiff does not wish to pursue his estate. He is therefore, treated as no longer a Defendant in this action.

Williams claimed that he was denied an expected promotion within the Highway Department because his wife's First Amendment protected speech had offended the Town Supervisor, Defendant Bucci. On June 3, 1999, Mr. Benedict testified to various relevant matters as a non-party witness, including the fact that Mr. Bucci directed that a person other than Mr. Williams be promoted. Following this testimony, the case was settled by payment to Mr. Williams. Thereafter, Mr. Benedict says he learned that members of the Town Board were "furious at him" for having testified against the Town, and were "embarrassed." Complaint at ¶¶ 8–12.

On December 2, 1999, Mr. Benedict, while on duty, saw a large deer standing on an embankment at the Town Highway Department property. Mr. Benedict took out a rifle from his town-owned truck and with a single shot killed "Bambi." Mr. Benedict's subordinates cleaned the deer within the next ten minutes and placed it in the town-owned truck. On December 3, 1999, the day after Bambi's adverse encounter with Mr. Benedict, Mr. Bucci informed Mr. Benedict that Mr. Benedict would be suspended without pay. Mr. Benedict's suspension without pay was not authorized by the Town Board at a properly called meeting. No written charges were filed on the occasion of the suspension.

Mr. Benedict retained an attorney and protested his suspension without pay. By letter dated December 17, 1999, the Town Board for the first time set forth written charges against Mr. Benedict and provided him with an opportunity to respond in writing to those charges. By letter dated December 27, 1999, Mr. Benedict responded to the Board's charges through counsel, claiming that the charges were pretextual, and that the proposed termination of his employment was excessive in light of the offense charged and the punishments met-

ed out to others by the Town for more serious delicts. On December 29, 1999, the Town Board terminated Mr. Benedict's employment two days short of the expiration of his term of office, and then did not renew his term as Highway Superintendent for the years 2000–2001.

### Discussion

Mr. Benedict claims that Defendants unlawfully terminated his employment as Highway Superintendent of the Town of Newburgh in retaliation for Mr. Benedict's exercise of his constitutionally protected right to give truthful testimony adverse to the Town of Newburgh at a jury trial before a Magistrate Judge of this Court in June, 1999. Defendants maintain that the Town lawfully terminated Mr. Benedict after a hearing for cause as a result of Mr. Benedict's actions on December 2, 1999. As this Court pointed out in its prior decision, the civil right to give truthful testimony in court is protected by the Constitution, but not by the First Amendment. The same analysis should apply as is used in cases under § 1983 seeking damages for retaliation by reason of First Amended protected speech. Plaintiff must establish that:

> (1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination.

*Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir.1999). Although Defendants' brief presents a number of arguments, the principal thrust of the motion is that as a matter of law a reasonable jury may not be permitted, on the evidence presented, to find a causal connection between the anger generated by the testimony in June, and the rather severe response to the killing of the deer on December 2, 1999.[2]

---

**2.** Benedict concedes he should have been suspended for two weeks without pay, presumably during the hunting season. Town rules

of employment prohibited using or carrying a weapon while on duty or in a town-owned

The Court may grant summary judgment only if the pleadings, affidavits and certain other supporting papers show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(b).

*Constitutionally Protected Speech*

Defendants agree for purposes of the motion only, that Mr. Benedict's truthful testimony in the case of *Williams v. Town of Newburgh*, 97 Civ. 4893(CLB)(GAY), on June 3, 1999 before this Court is constitutionally protected speech. On April 11, 2000 deciding the prior motion to dismiss this case, this Court followed the logic of *Kaluczky v. City of White Plains*, 57 F.3d 202 (2d Cir.1995), and concluded that:

"While there is no Second Circuit authority directly on point, except for [*United States* v.] *Pacelli*, [491 F.2d 1108, 1113–15 (2d Cir.1974) ] decided in a criminal context, faced with this case as one of first impression our Court of Appeals would follow the Third and Fifth Circuit, holding on utilitarian grounds that testifying truthfully is constitutionally protected from retaliation, and that it is a right existing wholly apart from the First Amendment protection of speech generally, and without the need to show that the testimony relates to a matter of public concern." *Benedict v. Town of Newburgh*, 95 F.Supp.2d 136, 143 (S.D.N.Y.2000).

▌ Testimony differs from mere speech. However, even under traditional First Amendment analysis, Mr. Benedict is constitutionally protected from retaliation for his June 3, 1999 testimony because speech relevant to the issues in a judicial proceeding always involves a matter of public concern or it would not be in Court, and the lawfulness of the hiring practices of a municipality is also a matter of public concern. Under traditional First Amend-

ment analysis, a public employee does not relinquish his First Amendment rights to comment on matters of public concern by virtue of government employment. *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

*Causation*

Defendants agree that Mr. Benedict suffered an adverse employment action, his termination two days prior to the expiration of his term. They contend that there is insufficient evidence to permit a reasonable jury at trial to find that his discharge was motivated in part by animus arising out of the protected testimony and argue that in any event he would have been terminated for his misconduct on December 2, 1999. Essentially, Defendants argue that this Court should find as a matter of law that so much time expired (six months) between the giving of the testimony and the arguably excessive or selective punishment visited upon Plaintiff, that no reasonable jury could find causation. While some appellate decisions have noted that the time elapsed between events is relevant, we know of no case in which the life expectancy of a political grudge has been established as a matter of law with such finite precision as Defendants suggest.[3] *McCullough v. Wyandanch Union Free School District*, 187 F.3d 272, 280 (2d Cir.1999) relied on by Defendants treats the elapsed time as a relevant fact: "[o]n the record presented no reasonable juror could infer from the timing of the evaluation that the termination resulted from a retaliatory motive ..." The panel opinion notes, p. 280, that no affirmative evidence of retaliation had been supplied by the plaintiff. Similarly *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir.1997) cited with approval by our Court of Appeals in *Morris v. Lindau*, 196 F.3d

---

vehicle, and the town garage site was posted against hunting.

**3.** Vengeance is a dish that should be eaten cold. Old English proverb cited in H.L. Mencken, "New Dictionary of Quotations on Historical Principles" New York 1978.

102, 113 (2d Cir.1999) treats temporal proximity as an issue of fact:

> "Unless the termination is very closely connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond mere temporal proximity to establish causation."

Additional evidence beyond *"post hoc propter hoc"* has been presented in this case.

■ The issue of whether the Town's termination of Mr. Benedict's employment was causally connected to Mr. Benedict's constitutionally protected testimony, so that it can be said that it was a motivating factor in the termination, is a question of fact that cannot be resolved in favor of the Defendants on summary judgment on the record before this Court. A jury could reasonably infer that the Defendants were biding their time to latch onto an event which could serve as a pretext for firing Mr. Benedict. The reasonableness of such an inference is supported by evidence that other Highway Department employees have engaged in similar or more egregious misconduct, including accidents with town vehicles after working hours, and taking town equipment out of town for personal use, without any punishment. Sussman Affidavit, Exh. 5 at 49–50 (Benedict Deposition); Sussman Affidavit; Exh. 6 at 70–74 (Bucci Deposition).

The Court observes that in 1992 the Town's attorney advised Town officials that the Highway Superintendent may be removed only pursuant to Public Officers Law § 36 [4] or Highway Law § 160,[5] neither of which contemplates termination in the manner in which Mr. Benedict was fired. Hasty unlawful action in the manner of discharging Plaintiff may evidence no more than maladroit efforts on the part of the officials, or that they received poor legal advice. It can also be evidence of an illegal motive. Motive and intent generally are issues for the trial jury.

The Court views with interest the "questionnaire" prepared by the Town's labor counsel for the December 29, 1999 executive Board meeting at which Mr. Benedict's case was deliberated. The second question of this surprising document reads:

> "To what extent, if any, does your decision on the appropriate action to take with respect to Mr. Benedict's conduct on December 2, 1999, constitute a response or is based on Mr. Benedict's participation in the federal district court action between Gerald Williams and the Town of Newburgh? If so, please explain." Sussman Affidavit, Exh. 6 at 59.

As might be expected, all Defendants answered this question in the negative. The trier of fact may, but need not, infer that their answers were self-serving and the very fact that counsel asked this question was sufficient, by the way the question was phrased, to put the board members on notice that it would be improper to punish Benedict for testifying, if they did not already know this.

Defendants argue that this is a garden-variety employment termination case. Defendants maintain that Mr. Benedict's employment was lawfully terminated in order

---

**4.** Public Officers Law § 36 states that "Any town ... officer ... may be removed from office by the supreme court for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal may be made by any citizen resident of such town ..."

**5.** Highway Law § 160 states that "A town superintendent may be removed by the department of transportation upon written charges preferred by the town board or county superintendent, for malfeasance or misfeasance in office. Such charges shall be presented in duplicate to the town clerk, one of which ... shall be served by [the town clerk] personally upon the town superintendent, together with a notice directing him to appear before the commissioner of transportation or a person duly designated at a time and place stated therein.... The department of transportation shall hear evidence in support and in defense of such charges and after such hearing shall enter an order in the office of the town clerk either sustaining or dismissing the charges...."

to punish Mr. Benedict for having shot a deer on posted town-owned property in a residential area while on duty on December 2, 1999, and that there is no connection between the termination of his employment and his testimony against the Town before this Court on June 3, 1999.

If Mr. Benedict is able to show that the Town terminated his employment substantially due to official anger evoked by his testimony in the *Williams* case, the Town would then have the opportunity to prove that it would have terminated Mr. Benedict's employment for legitimate reasons, even if the improper motive had not existed. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Jund v. Town of Hempstead,* 941 F.2d 1271, 1289 (2d.Cir.1991). Mr. Benedict may then argue that the Town is making this argument as a pretext for unconstitutional retaliation. *Howard v. Senkowski,* 986 F.2d 24, 26 n. 2 (2d Cir.1993) ("Though pretext analysis was developed in Title VII cases ... it is fully applicable to constitutional claims where the issue is whether an improper motive existed.").

Disputed issues of material fact are involved that are not appropriate to resolve on summary judgment on the record before this Court. The record permits, at a minimum, but does not require, the inference that Mr. Benedict was punished more severely by being fired, in retaliation for his constitutionally protected testimony during the *Williams* case before this Court.

*Qualified Immunity*

■ The doctrine of qualified immunity protects government officials from lawsuits for money damages in cases where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Warren v. Keane,* 196 F.3d 330, 332 (2d Cir.1999). Defendants are entitled to qualified immunity if either (1) their ac-

tions did not violate clearly established law, or (2) it was objectively reasonable for them to believe that their actions did not violate such law. *Warren,* 196 F.3d at 332.

As the Supreme Court explained in *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987),

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *see also Lauro v. Charles,* 219 F.3d 202, 214 (2d Cir.2000).

■ This Court decided on April 11, 2000 in a matter of first impression in this Circuit that "testifying truthfully is constitutionally protected from retaliation, and that it is a right existing wholly apart from the First Amendment protection of speech generally, and without the need to show that the testimony relates to a matter of public concern." *Benedict v. Town of Newburgh,* 95 F.Supp.2d 136, 143 (S.D.N.Y.2000). Although the decision of this Court was a matter of first impression in this Circuit, the contours of the right were sufficiently clear that a reasonable official would understand that firing a government employee in retaliation for his testimony violates that person's rights. By reason of dicta in *Kaluczky, supra,* decided in 1995, and the decision in *Pacelli* as well as *Pickering* in 1968, this Court concludes that the constitutional right infringed upon was well established in this Circuit in December 2000 when Defendants acted. *See Anderson,* 483 U.S. at 640, 107 S.Ct. 3034. Accordingly, Defendants' argument that the four Individual Defendants are entitled to qualified immunity on the ground that the unlawfulness

of alleged violation was not "clearly established" at the time of the action is unavailing.

## Conclusion

Because a trier of fact could find causation and conclude that the Town officials are not entitled to qualified immunity from the claim against them because it would not have been objectively reasonable for them to believe that their actions were in compliance with clearly established law, Defendants' motion for summary judgment is denied in all respects.

Counsel are directed to appear on January 2, 2001 at 9:15 a.m. to select a jury to try this case.

SO ORDERED.